# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERALD HARRIS,

                Plaintiff,

        v.                                                Case No. 07-C-895

JOHN WILEY, KYLE P. MUELLER,
and JOSHUA J. BARNES,

                Defendants.

## ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS, DISMISSING PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 2000a, AND ORDER THE U.S. MARSHAL TO SERVE THE SUMMONS AND COMPLAINT

      The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 2000a, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

      Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $9.93. He also subsequently paid a partial filing fee of $9.93.

Complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity requiring screening. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint has to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether

2

the complaint states a claim, the court is to accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

According to the complaint, on February 5, 2005, the plaintiff attended an event at the University of Wisconsin - Madison's Memorial Union. While standing outside on the terrace, two women asked the plaintiff if he wanted two empty pitchers of beer for which he could collect a deposit. The plaintiff replied yes, and was directed to take the pitchers inside the Memorial Union to get the deposit. However, as he attempted to do so, Memorial Union employee defendant Kyle P. Mueller grabbed the pitchers out of his hands and shouted, "do you have a pass or a membership card to enter the building!?" (Complaint ¶ IV.A.) The plaintiff replied no and defendant Mueller told him that he could not come in. The, the plaintiff asked defendant Mueller why he was allowing white people to enter and not asking them for their membership cards. Defendant Mueller responded, "we don't serve you niggers." *Id.* Next, Mr. Mueller turned to his co-worker, defendant Joshua J. Barnes, and while laughing and gesturing said, "this nigger is trying to get the deposit off these pitchers." *Id.* Afterward, defendant Mueller told the plaintiff to leave or he would call the police, and the plaintiff replied go right ahead as he had done nothing wrong.

The plaintiff claims that the defendants violated his rights under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. For relief, he seeks $1,000,000 in damages and a refund of $247 for the ticket he paid after being wrongly accused of disorderly conduct.

Title II of the Civil Rights Act of 1964 provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."  42 U.S.C. § 2000a.  However, unlike many other civil rights statutes, 42 U.S.C. § 2000a allows only for prospective relief and does not authorize damages.  *See* 42 U.S.C. § 2000a-3; *Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400 (1968)); *see also Hornick v. Noyes*, 708 F.2d 321, 324 (7th Cir. 1983).  Thus, even accepting as true the plaintiff's allegations that he was discriminated against on the basis of his race, this statute does not provide a cause of action for damages against the defendants.  *See Bass*, 180 F.3d at 244.

However, that is not to say that the complaint does not state a claim under any federal statute.  Plaintiffs who point to the wrong legal theory, particularly those proceeding *pro se*, may nevertheless state a cognizable cause of action.  *See Kennedy v. Nat'l Juvenile Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999).

Section 1981 of Title 42 of the United States Code provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens . . ." and defines making and enforcing of contracts as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981.  More commonly litigants invoke § 1981 to assert their rights to be free from discrimination while making and enforcing employment contracts, but courts have evaluated § 1981 claims made by plaintiffs who allege that they faced illegal

4

discrimination in retail establishments. *See Morris v. Office Max, Inc.*, 89 F.3d 411 (7th Cir. 1996). To establish a prima facie claim of such discrimination, the plaintiff must show that (1) he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract. *Id.* at 413. In addition, to establish a claim for civil conspiracy under § 1985(3), a plaintiff must demonstrate 1) the existence of a conspiracy, 2) a purpose of depriving a person or class of persons of equal protection of the laws, 3) an act in furtherance of a conspiracy, and 4) an injury to person or property or a deprivation of a right or privilege granted to United States citizens. *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999). As a consequence, the court is satisfied that the plaintiff may proceed on claims under 42 U.S.C. §§ 1981 and 1985(3). Therefore,

**IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Doc. #2) is **GRANTED** and that the plaintiff may proceed on his claims under 52 U.S.C. §§ 1981 and 1985(3).

**IT IS FURTHER ORDERED** that the plaintiff's claim under 42 U.S.C. § 2000a is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the

5

U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $330.14 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE